IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEE WARD, JAMES SAUNDERS, and WILLIAM HOLLOWAY, on behalf of themselves and all others similarly situated,<br><br>　Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No.  4:20-cv-00371-O<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is Defendant American Airlines, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint and Compel Arbitration (ECF No. 41). As part of its motion, American Airlines, Inc. ("American") seeks to compel arbitration with respect to the claims of named Plaintiffs James Saunders ("Saunders") and William Holloway ("Holloway"), contending they entered into binding arbitration agreements when purchasing their tickets from Hotwire and Expedia, respectively. According to American, to complete booking, Saunders and Holloway were required to acknowledge that they had read and accepted Hotwire's and Expedia's "Terms of Use," respectively. The "Terms of Use" for Hotwire and Expedia each contain an arbitration clause pursuant to which those purchasing tickets through Hotwire and Expedia agreed to resolve any claims against Hotwire's and Expedia's travel suppliers (such as American) through binding, individual arbitration, and further agreed that the arbitration agreement could be enforced by travel suppliers like American. *See* American's Mot. 11-16, ECF No. 41.

In response, Saunders and Holloway argue that the Court should deny the motion to compel arbitration because, among other things, American's declarant, Lars L. Berg (its counsel), was not

the appropriate witness to put Hotwire's and Expedia's contemporaneous Terms of Use before the Court. Pls.' Resp. 3-5, ECF No. 46. In reply, American requests the Court take judicial notice under Federal Rule of Evidence 201 of Hotwire's and Expedia's Terms of Use, as they were retrieved from the Internet Archive's Wayback Machine, which maintains archived copies of historical webpages. Reply 3-4 (citing cases taking judicial notice of Wayback Machine), ECF No. 52. Alternatively, American requests that, insofar as the Court has concerns about American's evidentiary submission, it should "permit the submission of an Expedia declaration confirming American's description of the Terms of Use is correct, or, if one cannot be obtained, a short Expedia deposition limited to the same topic." *Id.* at 1-2, ECF No. 52.

Although American is correct that numerous district courts have taken judicial notice of documents on Wayback Machine pursuant to Federal Rule of Evidence 201, none of the cases upon which American relies is a decision from the Fifth Circuit or a district court within the Fifth Circuit. Further research also reveals that the organization that maintains waybackmachine.org itself disclaims any guarantee that the results it produces are accurate. *See* Internet Archive Wayback Machine, Internet Archive's Terms of Use, Privacy Policy, and Copyright Policy, dated Dec. 31, 2014, available at http://archive.org/about/terms.php (last visited October 15, 2020) ("You understand and agree that the Archive makes no warranty or representation regarding the accuracy, currency, completeness, reliability, or usefulness of the content in the Collections[.]").

In light of the foregoing, the Court declines to take judicial notice of Hotwire's and Expedia's Terms of Use by way of the Internet Archive Wayback Machine. Instead, the Court grants American's alternative request for leave to submit an Expedia declaration (and, if needed, a Hotwire Declaration) confirming American's description of the Terms of Use is correct, or, if such cannot be obtained, a short Expedia (and, if needed, Hotwire) deposition limited to the same

topic." The deadline for this submission is **Friday, October 30, 2020**. No further briefing will be permitted.

    **SO ORDERED** on this **16th day** of **October, 2020.**

*Reed O'Connor*
Reed O'Connor
UNITED STATES DISTRICT JUDGE